```
            IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF MARYLAND

IN RE:   MARIA F SAMAROO         *
                                 *
          Debtor                 *      Case No: 13-22552 RG
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

 MARIA F SAMAROO                 *
          Plaintiff              *
                                        Adversary No:
                                 *
RYAN DICK
                                 *
          Defendant               *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

COMPLAINT FOR RETURN OF EXEMPT PROPERTY & SANCTIONS

NOW COMES, MARIA F SAMAROO, Debtor and Plaintiff herein, by her attorney Edward C. Christman, Jr. and Christman & Fascetta, LLC and in filing her Complaint for Return of Exempt Property states as follows:

1. This Court has jurisdiction over this action, pursuant to 28 U.S.C. Section 157 and 1334. Venue in this Court is proper, pursuant to 28 U.S.C. Section 1409. This action is a core proceeding within the meaning of 28 U.S.C. Section 157.

2. On July 23, 2013, Debtor filed under Chapter 7 of Title 11 of the U.S. Code with this Court bearing the case number noted above.

3. On or about November 8, 2012, Defendant herein filed a request for writ of garnishment on Plaintiff's wages and garnished same.

4. From April 24, 2013 until July 23, 2013, all within the

90 days immediately preceding Plaintiff's Chapter 7 filing, Defendant caused the garnishment in excess of $2,700.00 of Plaintiff's wages.

    5.    Pursuant to 11 U.S.C. Section 547; 11 U.S.C. Section 522(b)(2) and Md. Cts. & Jud. Proc. Section 11-504, Debtor/Plaintiff herein is entitled to claim funds transferred within 90 days of filing as an exemption and recover those funds from the creditor to whom they were paid as a preferential payment.

    7.    The wages were claimed as exempt by the Plaintiff in schedules filed with the Court.

    8.    The funds are personal funds and belong to the Plaintiff herein.

    9.    Defendant herein has spoken with counsel and counsel believes that a settlement will be reached, but to date defendant has not returned the preferential funds.

    10.    The aggregate value of all property that is affected by such transfer is in excess of $600.00, therefore, 11 U.S.C. Section 547(C)(7) is not a bar.

    11.    The continued refusal of Defendant to return the exempt amounts is in bad faith and without justification. Plaintiff herein has incurred additional attorneys fees in connection with attempts to collect these fees due Plaintiff.

    WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

    (a)    That Defendant be ordered to return the exempted

funds in the full amount;

    (b) That Defendant be ordered to pay costs of suit and attorney fees in the amount of $750.00 in the form of a court ordered sanction for the unjustified refusal to pay over and deliver the funds claimed as exempt by the Debtor/Plaintiff;

    (c) For such other and further relief as this Court may deem just and proper.

/s/Edward C. Christman, Jr.__
Edward C. Christman, Jr.
Christman & Fascetta, LLC
810 Gleneagles Court, Ste. 301
Towson, Maryland 21286
(410)494-8388

CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of October, 2013, a copy of the foregoing Complaint for Return of Exempt Property was mailed by first class mail, postage prepaid to the following:

U.S. Trustee's Office
101 W. Lombard Street
Baltimore, Maryland 21201

Ryan Dick
6621 Dovecote Drive
Columbia, Maryland 21044

Monique D. Almy
Crowell & Moring
1001 Pennsylvania Avenue N.W.
10th floor
Washington, DC 20004-2595

/s/Edward C. Christman, Jr._____
Edward C. Christman,Jr.